REAVLEY, Circuit Judge,
dissenting:
I agree with the judgment except for the rejection of the jury awards for the suffering of the mother and child. Those $200,000 awards do not shock my conscience or seem to me to be unjust or contrary to reason. Because that is the legal limit to my review, I would not interfere. The decision about non-peeuniary damage awards is necessarily subjective. Apart from the Seventh Amendment and with respect, I would personally prefer that the decision be made after a full and fair trial by these eight jurors rather than by my fine judicial colleagues.
Becky Vogler saw the eighteen-wheeler veer off the pavement and then head into her path. She slowed and turned across the paved shoulder. But her Honda struck the right front wheel of the Freightliner truck and was then jammed beneath the cab. With the cab on top of the Honda’s engine and part of its passenger compartment, and with the trailer at an angle, the mass traveled 90 feet across muddy ground to hit and stop at a tree. Becky’s mental anguish may have existed only for moments, but those were horrifying moments. Her pain was mercifully sudden, but felt.
Kallie Vogler was not an infant. She sat confined in the back seat and was most likely aware at some point of her danger. It would be reasonable to believe that this young girl experienced terrible fright and some pain before death. My colleagues hold that there can be no damages for Kallie’s estate because there is no proof that she suffered any pain or mental anguish. While no witness could testify to screams or terror, or to just how she was crushed, her position and age as she faced and felt this horror supports the contrary finding.
My colleagues compute the mother’s damages, as they do that of the husband and father, by what has come to be the maximum recovery exercise in this circuit. Departing from the rule of deference to jury verdicts, the court lists the awards by different juries and judges, for different parties under different circumstances, adding a percentage for the sake of reasonableness, and thereby fixes the maximum recovery allowable in the ease on appeal. This practice has been gently described as a quagmire.[1] By using a Texas court of appeals decision and a district court opinion, my colleagues decide that $80,000 is the maximum allowed for the pain and anguish experienced by Becky Vogler.
I dissent.

. Madigan, Excessive Damage Review in The Fifth Circuit: A Quagmire of Inconsistency. 34 Tex. Tech L.R. 429 (2003).